IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

| | |
|---|---|
| DON SORRELLS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 3:09cv710-MHT |
| ) | (WO) |
| LAKE MARTIN, INC., and ) | |
| TOM HAYLEY, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Plaintiff Don Sorrells filed this lawsuit claiming that defendant Lake Martin, Inc. terminated his employment in violation of the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. §§ 12101-12134, and the Family and Medical Leave Act (FMLA), 29 U.S.C. §§ 2601-2654.  He further claims that Lake Martin and defendant Tom Hayley, Lake Martin's owner and president, invaded his privacy in violation of Alabama law.  Jurisdiction over his federal claims is pursuant to 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights); 42 U.S.C. § 12117 (ADA); and 29 U.S.C.

§ 2617(a)(2) (FMLA).  Supplemental jurisdiction over the state claim is under 28 U.S.C. § 1367.

This lawsuit is now before the court on defendants Lake Martin and Hayley's motion for leave to file a first amended answer.  For the reasons that follow, the motion will be denied.

## I. BACKGROUND

On October 28, 2009, the court issued an order, pursuant to Fed. R. Civ. P. 16(b), "set[ting] a schedule for discovery and the filing of motions."  Scheduling Order at 1 (Doc. No. 14). In keeping with the parties' proposals, the court ordered that, "Motions to amend the pleadings ... shall be filed by the plaintiff on or before January 15, 2010, and by the defendants on or before February 15, 2010."  Id. at 2.  The court also ordered that, "All discovery shall be completed by April 30, 2010."  Id. at 3.  The defendants deposed the plaintiff on April 1, 2010.

On July 8, 2010, almost five months after the deadline for amending the answer, and more than two months after the close of discovery, the defendants filed the instant motion for leave to amend their answer. The defendants seek to amend their answer in three respects. First, they seek to revise their response to ¶ 17 so that it "reflects the deposition of Linda Greer and Tom Hayley taken on April 1, 2010." Mot. To Amend at 1 (Doc. No. 37). Second, they seek to add the affirmative defense of failure to mitigate damages, which, they say, "was discovered during Plaintiff's deposition on April 1, 2010 when he admitted that he failed to file a claim for unemployment compensation benefits based upon advice of counsel." Id. Third, defendants seek to add the "affirmative defenses related as to the constitutionality of an award of punitive damages and mental anguish," which "had previously not been included due to simple oversight by Defendants' counsel." Id.

## II. DISCUSSION

"Both Rules 15 and 16 of the Federal Rules of Civil Procedure facially guide the court's decision whether to allow an untimely amendment to the [pleadings]." <u>Nobles v. Rural Cmty. Ins. Servs.</u>, 303 F. Supp. 2d 1279, 1283 (M.D. Ala. 2004) (Thompson, J.). Rule 15 provides that, "A party may amend its pleadings once as a matter of course within: (A) 21 days after serving it, or (B) ... 21 days after service of a responsive pleading or 21 days after service of a motion under [Fed. R. Civ. P.] 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 states that, "The court should freely give leave when justice so requires." <u>Id</u>. Rule 16, on the other hand, requires the district court to issue a scheduling order that "limit[s] the time to ... amend the pleadings." Fed. R. Civ. P. 16(b)(3)(A). Once such an order has been

issued, the "schedule may be modified only for good cause." Fed. R. Civ. P. 16(b)(4).

"The Eleventh Circuit Court of Appeals has found that Rule 16's good-cause standard governs a party's ability to amend [its pleading] after the district court has entered a scheduling order." Nobles, 303 F. Supp. 2d at 1283 (citing Sosa v. Airprint Sys., 133 F.3d 1417, 1418 n.2 (11th Cir. 1998)). "It is only after the court addresses whether the proposed amendment may be granted under Rule 16 that the court is to determine whether it is proper under Rule 15." Id. "If [the court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." Sosa, 133 F.3d at 1419. In this case, the defendants' motion to amend was filed nearly five months after the scheduling-order deadline. Thus, the court must

determine whether the defendants have shown good cause for this court to modify that order.

Rule 16's "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" Id. at 1418 (quoting Fed. R. Civ. P. 16 advisory committee's note); see also, e.g., Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008) ("The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements."); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) ("If [a] party was not diligent, the [good cause] inquiry should end."). In this case, the defendants, by their own admission, have not acted with diligence. The instant motion was filed almost five months after the deadline for amending the answer, and more than two months after the close of discovery. With respect to the affirmative defenses in particular, the defendants admit that they "absolutely 'dropped the ball' by [their]

failure to raise such affirmative defenses in a timely fashion." Def.'s Br. Supp. Mot. Am. at 2 (Doc. No. 41). Accordingly, because the defendants have not shown good cause for this court to modify the scheduling order, their motion to amend the answer will be denied.

***

For the foregoing reasons, it is ORDERED that defendants Lake Martin, Inc. and Tom Hayley's motion for leave to file a first amended answer (doc. no. 37) is denied.

DONE, this the 14th day of February, 2011.

                                                          /s/ Myron H. Thompson
                                  UNITED STATES DISTRICT JUDGE